# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HISENSE CO., LTD., ET AL., <br><br> Defendants. | Civil Action No. 2:17-CV-437-JRG <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS HISENSE CO., LTD.'S AND GUIYANG HISENSE ELECTRONICS CO., LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Hisense Co., Ltd. ("Hisense Co.") and Guiyang Hisense Electronics Co., Ltd. ("Guiyang Hisense") respectfully submit this Motion to Dismiss Plaintiff Personalized Media Communications, LLC's ("PMC") Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## I.    INTRODUCTION

Hisense Co. and Guiyang Hisense request this Court dismiss them from this case because they are not subject to personal jurisdiction in this district.  This Court cannot exercise general jurisdiction over Hisense Co. or Guiyang Hisense because they are Chinese corporations and neither has a principal place of business in this district.  Additionally, this Court cannot exercise specific jurisdiction over either Hisense Co. or Guiyang Hisense because they do not manufacture, market, sell, or import any of the television products at issue in this case into Texas or anywhere else in the United States.  Hauling Hisense Co. and Guiyang Hisense into this Court on the basis of conclusory jurisdictional allegations is unreasonable and unfair.  Because Hisense

Co. and Guiyang Hisense have no meaningful contacts with the State of Texas and PMC cannot meet its burden of establishing personal jurisdiction, Hisense Co. and Guiyang Hisense ask the Court to dismiss PMC's Amended Complaint against them pursuant to Fed. R. Civ. P. 12(b)(2).

## II.   STATEMENT OF FACTS

### A.   PMC's Complaint Lacks Specific Allegations of Personal Jurisdiction

On June 9, 2017, PMC filed an Amended Complaint for patent infringement against defendants Hisense Co. Ltd., Hisense Electric Co., Ltd., Liaoning Hisense Electronics Co., Ltd., Qingdao Hisense Electric Co., Ltd., Guangdong Hisense Multimedia Co., Ltd., Guiyang Hisense Electronics Co., Ltd., and Zibo Hisense Electronics Co., Ltd.  Dkt. No. 11 (Amended Complaint).[1]  PMC alleges that certain Hisense branded televisions that "process certain signals that comply with the ATSC standard" infringe various claims of the six U.S. patents-in-suit.  *Id.* at ¶14.  PMC also alleges, upon information and belief, that the named Hisense defendants, as a group, "are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices … in the United States."  *Id*.  PMC further claims that the named Hisense defendants, as a group, "share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies," but offers no support for either allegation.  *Id*.  It is on these conclusory statements that PMC bases its allegation of the Court's personal jurisdiction over the named defendants.

---

[1] On May 17, 2018, the parties filed a Joint Motion to Dismiss Without Prejudice four of the named defendants in this case: Qingdao Hisense Electric Co., Ltd., Liaoning Hisense Electronics Co., Ltd., Guangdong Hisense Multimedia Co., Ltd., and Zibo Hisense Electronics Co., Ltd.  *See* Dkt. No. 36.  That Joint Motion is currently pending.

### B.      Movants Have No Contacts with the United States

Movant Hisense Co. is a Chinese corporation with its principal place of business at No. 17 Donghai West Rd, Shinan District, Qingdao, Shandong Province.  Ex. 1, Declaration of Xiangru Bao, at ¶7.  Hisense Co. is not registered to do business in the United States.  *Id*. at ¶8.  Hisense Co. does not have any offices, manufacturing plants, mailing addresses, or telephone listings in the United States.  *Id*. at ¶9.  Hisense Co. does not own or lease any real property in the United States and does not pay any sales, property, or other taxes in the United States.  *Id*. at ¶¶10-11.  Hisense Co. does not operate any internet sites with United States domain names.  *Id*. at ¶12.  Hisense Co. is not registered to do business in Texas, nor does it have any operations or employees in Texas.  *Id*. at ¶¶13-14.  Importantly, Hisense Co. does not manufacture, market, or sell in the United States, or import into the United States any of the products accused of infringing PMC's patents asserted in this lawsuit.  *Id*. at ¶15.

Movant Guiyang Hisense is also a Chinese corporation but with its principal place of business at No. 39 Honghe Rd, Economic and Technological Development District, Guiyang, Guizhou Province.  Ex. 2, Declaration of Shaoping Liu, at ¶7.  Like Hisense Co., Guiyang Hisense is not registered to do business in the United States, and does not have any offices, manufacturing plants, mailing addresses, or telephone listings in the United States.  *Id*. at ¶¶8-9.  Guiyang Hisense does not pay any taxes in the United States.  *Id*. at ¶11.  Similar to Hisense Co., Guiyang Hisense does not lease or own any real property in the United States.  *Id.* at ¶10.  It also does not operate any internet sites with United States domain names.  *Id*. at ¶12.  Specific to the State of Texas, Guiyang Hisense is not registered to do business in Texas; it also does not have any employees or operations in the state.  *Id*. at ¶¶13-14.  Again, like Hisense Co., Guiyang Hisense does not manufacture, market, or sell in the United States, or import into the United

States any of the accused products in this case. *Id*. at ¶15.

### C.   Non-Movant Qingdao Hisense Electronics Co., Ltd. Is a Distinct Corporate Entity

Hisense Electric Co., Ltd., now known as Qingdao Hisense Electronics Co., Ltd. ("Qingdao Hisense"), another named defendant, is concurrently answering PMC's Amended Complaint.  Qingdao Hisense is a Chinese corporation but it is registered separately in China from Hisense Co. and Guiyang Hisense. Ex. 1 at ¶16; Ex. 2 at ¶16.  Each of Qingdao Hisense, Hisense Co., and Guiyang Hisense is a distinct corporation that maintains a separate, lawful corporate identity. Ex. 1 at ¶17; Ex. 2 at ¶17.  Hisense Co. and Guiyang Hisense also each maintain separate bank accounts and file taxes separately in China from Qingdao Hisense, as well as from each other. Ex. 1 at ¶¶18-19; Ex. 2 at ¶¶18-19.  Although Qingdao Hisense is answering PMC's Amended Complaint, its activities should in no way be imputed to Hisense Co. or Guiyang Hisense.

## III.   AUTHORITY

Federal Circuit law determines the issue of personal jurisdiction over foreign entities in patent infringement cases.  *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) ("Under jurisdictional circumstances such as these, we have held we owe no special deference to regional circuit law.") (internal citations and citation omitted); *Advanced Biological Labs., SA v. Ameripath, Inc.*, No. 07-CV-31, 2008 WL 1757819, at *2 (E.D. Tex. Apr. 14, 2008) (noting that personal jurisdiction intimately relates to patent law and that Federal Circuit law governs the issue).  The plaintiff bears the burden of establishing the existence of personal jurisdiction.  *Avocent*, 552 F.3d at 1330.

Determining whether personal jurisdiction exists over a foreign entity "involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the

assertion of personal jurisdiction would violate due process." *Id*. at 1329.

Under the first step of this inquiry, "[t]he Texas long-arm statute reaches 'as far as the federal constitutional requirements of due process will allow.'" *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (quoting *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991); *see also Loyalty Conversion Systems Corporation v. American Airlines, Inc., et al.*, 66 F.Supp.3d 813, 818, 2014 WL 4354130, at *2 (E.D. Tex. Sept. 2, 2014). As such, the statutory inquiry collapses into the due process inquiry in Texas.

Under the second step of this inquiry, due process is satisfied if "minimum contacts" exist between the foreign entity and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Following *Int'l Shoe*, the inquiry into personal jurisdiction developed into two branches, one of which must be satisfied for personal jurisdiction to exist. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).

The first branch, called general jurisdiction, exists "where a foreign corporation's continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id*. at 754 (internal quotations omitted).

The second branch, called specific jurisdiction, exists when "the suit 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Id*. (internal citation omitted). The Federal Circuit applies a three-prong test to determine whether a court may exercise specific jurisdiction: "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction

is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012).  The plaintiff has the burden of proving prongs one and two of the test.  *See Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).  If the plaintiff carries its burden on the first two prongs, the burden shifts to the defendant to prove that jurisdiction is unreasonable and unfair.  *Id.*

In order to determine whether the exercise of personal jurisdiction is reasonable and fair, a court must weigh (1) the burden on the defendant; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies.  *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

## IV.     ANALYSIS

### A.      The Court Lacks Personal Jurisdiction Over Hisense Co.

Under the rubric set forth above, PMC has not and cannot establish that there are sufficient grounds on which to base either general jurisdiction or specific jurisdiction over Hisense Co.  As such, the Court should grant defendants' motion and dismiss PMC's Amended Complaint.

#### 1.       No General Jurisdiction Over Hisense Co.

It would be fundamentally unfair for this Court to exercise general jurisdiction over Hisense Co. because Hisense Co. does not have substantial, continuous corporate operations within the State of Texas.  *Daimler*, 134 S. Ct. at 754.  The test for general jurisdiction is whether a corporation's "affiliations with the state are so 'continuous and systematic' as to render [it] essentially at home in the forum State."  *Id.*  Aside from a truly "exceptional case," a corporate defendant is subject to general jurisdiction only in a state where it is incorporated or has its principal place of business.  *Id.* at 760-61; *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d

429, 432 (5th Cir. 2014) (explaining that following *Daimler*, "[i]t is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business").

Hisense Co.'s contacts with Texas fall well short of the *Daimler* standard.  Hisense Co. is a Chinese corporation organized under the laws of the People's Republic of China with its principal place of business located in Qingdao, Shandong Province.  Ex. 1, ¶¶6-7.  PMC does not dispute these facts.  *See* Amended Complaint, ¶3 ("On information and belief, Defendant Hisense Co., Ltd. ("Hisense Co.") is a corporation organized under the laws of China with its principal place of business at Hisense Tower 17, Donghaixi Road, Qingdao 2066071, China.").

Hisense Co. has no affiliations with the forum.  It has no manufacturing plants or corporate offices in the United States, nor does it lease or own any real property in the U.S.  Ex. 1, ¶¶9-10.  It does not have any telephone listings or mailing addresses in the United States.  *Id.* at ¶9.  Hisense Co. is also not a registered U.S. company, and it has never paid taxes in the United States.  *Id.* at ¶¶8, 11.  Further, Hisense Co. is not a Texas company: it does not have any operations or employees in Texas, and it is not even registered to do business in Texas.  *Id.* at ¶¶13-14.  As a result, this Court does not have general jurisdiction over Hisense Co.  *See, e.g.*, *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 234 (5th Cir. 2016) (finding no general jurisdiction where defendant's place of incorporation and principal place of business were in Norway); *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 16-cv-134, 2017 WL 970383, at *4 (E.D. Tex. Mar. 1, 2017), *report and recommendation adopted*, Dkt. No. 232 (E.D. Tex. Mar. 28, 2017) (finding no general jurisdiction where defendants were not incorporated in Texas and did not maintain a principal place of business in Texas).

## 2.    No Specific Jurisdiction Over Hisense Co.

PMC has failed to make a *prima facie* showing that would allow the Court to find

specific jurisdiction over Hisense Co.  "To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Avocent*, 552 F.3d at 1330 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (internal citations and internal quotations omitted)).  PMC failed to carry its burden of proving that Hisense Co. purposefully directs its activities at this district's residents or that its patent infringement claims arise out of or relate to any of Hisense Co.'s activities, none of which occurs in this district.

### (a)    Hisense Co. Directs No Activities Toward the District

In its Amended Complaint, PMC fails to identify *any* contact Hisense Co. has with this district that would satisfy the standards for asserting specific jurisdiction over Hisense Co. Instead, PMC makes broad and conclusory accusations that personal jurisdiction is proper over Hisense Co. because, upon PMC's information and belief only, all of the defendants as a group regularly transact and conduct business in this district.  Amended Complaint at ¶12 ("This Court has personal jurisdiction over the Hisense Defendants because, inter alia, upon information and belief, (i) the Hisense Defendants have done and continues to do business in Texas, including regularly doing or soliciting business and engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district….").  PMC further alleges, again on information and belief only, that jurisdiction is proper over Hisense Co. based on patent infringement conducted in the State of Texas by all of the named defendants together, but fails to offer facts to support these allegations.  *Id*. ("This Court has personal jurisdiction over the Hisense Defendants because, inter alia, upon information and belief, … (ii) the Hisense Defendants have committed and continue to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, selling accused

products in Texas, and/or importing accused products into Texas, including by Internet sales and sales via retail and wholesale stores, and/or inducing others to commit acts of patent infringement in Texas….").  Such vague accusations, without detailed facts, are insufficient to establish personal jurisdiction over Hisense Co.  *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868–69 (5th Cir. 2001) (holding the district court properly refused to consider conclusory allegations even when uncontroverted); *see also Zoch v. Daimler*, No. 17-cv-578, 2017 WL 2903264, at *2 (E.D. Tex. May 16, 2017), *report and recommendation adopted*, Dkt. No. 161 (E.D. Tex. July 5, 2017) (stating that "a court is not required to credit conclusory allegations even if they are uncontroverted" while holding the Court could not exercise jurisdiction over three foreign entities).

To carry its specific jurisdiction burden, PMC must present evidence that Hisense Co. engaged in activities that were purposefully directed at Texas with respect to the product accused of patent infringement in this case.  *HollyAnne Corp. V. TFT, Inc.,* 199 F.3d 1304, 1308 (Fed. Cir. 1999).  The closest PMC comes to any statement that would be sufficient to establish jurisdiction over Hisense Co. is an allegation that all of the defendants as a group are "making, using, offering to sell, selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and sales via retail and wholesale stores, and/or inducing others to commit acts of patent infringement in Texas."  Amended Complaint at ¶12.  But this allegation is false.  Hisense Co. does not manufacture, market, or sell in the United States, or import into the United States any of the products accused of infringing PMC's patents asserted in this case.  Ex. 1, ¶15.  Therefore, it is not foreseeable to Hisense Co. that it would be sued in Texas, and the "mere fact that defendants can foresee that [an] article will be circulated and have an effect in the forum state is not sufficient for an allegation of jurisdiction."  *Avocent*, 552 F.3d

at 1130 (internal citations and citation omitted).

Additionally, should PMC attempt to point to U.S. websites where Hisense televisions are marketed and sold in the United States, Hisense Co. does not maintain these websites.  Ex. 1, ¶12; *see Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005) (websites "would support jurisdiction only if [defendant] had some responsibility for the third party's advertising" of the accused products on the website).  PMC cannot point to any facts showing that that Hisense Co. purposefully directs activities at Texas or at the residents in the Eastern District of Texas.  *See Acceleron*, 634 F. Supp. 2d at 769-70 (granting defendant's motion to dismiss for lack of personal jurisdiction because the plaintiff failed to meet its jurisdictional burden of showing that it used any diligence in identifying the correct corporate entity that allegedly sold the accused product in Texas).  PMC has not and cannot reasonably argue that Hisense Co. is subject to specific jurisdiction in this case.  *Grober*, 686 F.3d at 1346-47 (finding no specific jurisdiction in a patent infringement case where the defendant never shipped the accused products to California); *see also Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1306, 1310 (Fed. Cir. 2005) (affirming dismissal of a foreign company for lack of personal jurisdiction where there was no evidence that the holding company "made, used, sold, or offered to sell the accused products").

To create the impression of jurisdictional contacts by Hisense Co., PMC groups together Hisense Co. and the other named defendants in the Amended Complaint as the "Hisense Defendants."  Amended Complaint at ¶10.  The law is clear, however, that jurisdiction cannot be established by simply "considering the defending parties together and aggregating their forum contacts."  *Rush v. Savchuk*, 444 U.S. 320, 331 (1980) (internal quotations omitted).  Even though defendant Qingdao Hisense has consented to personal jurisdiction for the purpose of this

case, this fact alone cannot subject Hisense Co. to the same personal jurisdiction.  Qingdao

Hisense and Hisense Co. are separate and distinct corporations that maintain independent

corporate identities.  Ex. 1, ¶16-17.  Qingdao Hisense and Hisense Co. file their taxes separately

in China and have different bank accounts.  *Id.* at ¶¶18-19.  Accordingly, Qingdao Hisense's

contacts with Texas are not attributable to Hisense Co. for jurisdictional purposes.

*Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) ("As a general

rule, [] the proper exercise of personal jurisdiction over a nonresident corporation may not be

based solely upon the contacts with the forum state of another corporate entity with which the

defendant may be affiliated.") (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333,

335 (1925)); *see also Blue Spike, LLC v. Texas Instruments, Inc.*, No. 12-cv-499, 2014 WL

11829323, at *3-4 (E.D. Tex. March 13, 2014) (granting nonresident corporation's motion to

dismiss for lack of personal jurisdiction while maintaining personal jurisdiction for affiliated

corporate entity).  Because PMC has not made a *prima facie* showing of Hisense Co.'s forum-

related activities, it has failed to meet its burden that Hisense Co. should be subject to specific

jurisdiction in this district.

### (b)    Personal Jurisdiction as to Hisense Co. Would Be Unreasonable and Unfair

Even if Hisense Co. had sufficient contacts with Texas, which it does not, the Court must

still consider whether exercising personal jurisdiction over Hisense Co. would offend traditional

notions of fair play and substantial justice.  *Int'l Shoe Co.,* 326 U.S. at 316.  Where, as here, the

question of jurisdiction is over a foreign defendant, "[g]reat care and reserve should be exercised

when extending our notions of personal jurisdiction into the international field."  *United States v.*

*First Nat'l City Bank*, 379 U.S. 378, 404 (1985) (Harlan, J., dissenting).  The Court's

fundamental fairness analysis must consider (1) the burden on the defendant; (2) the forum

state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial

system's interest in efficient resolution of controversies; and (5) the several states' shared

interest in furthering fundamental social policies.  *Stroman Realty*, 513 F.3d at 487.

The first factor weighs heavily against the exercise of personal jurisdiction because

Hisense Co. is based in the People's Republic of China and has no contacts with the State of

Texas.  Making Hisense Co. defend a patent infringement suit with respect to the products

accused of patent infringement by PMC in Texas would thus be unreasonable and unfair.  The

second and third factors weigh heavily against the exercise of personal jurisdiction because

Texas has no interest in adjudicating a patent infringement dispute against a Chinese corporation

with no relevant contacts with Texas.  Further, PMC does not make any products, and it appears

to be solely in the business of suing companies for alleged patent infringement.  Thus, it seems

likely that PMC's sole purpose for attempting to drag Hisense Co. into this litigation is only for

financial gain.  The fourth and fifth factors do not apply here because there are no forums

competing for the resolution of the claims asserted by PMC.  Consideration of these relevant

factors confirms that the exercise of jurisdiction over Hisense Co. would run afoul the traditional

notions of fair play and substantial justice.

Based on an analysis of the required general and specific jurisdiction factors, this Court

exercising personal jurisdiction over Hisense Co. would violate the requirements of due process.

**B.     No Jurisdiction Over Guiyang Hisense**

Just as PMC cannot establish personal jurisdiction over Hisense Co. in this matter, the

two-step inquiry for personal jurisdiction also demonstrates that Guiyang Hisense should be

dismissed from this action.

**1.     No General Jurisdiction Over Guiyang Hisense**

General jurisdiction over Guiyang Hisense by this Court is unsupported for the same

reasons described above for the similarly situated Hisense Co.; Guiyang Hisense does not have the requisite continuous and substantial contacts with the State of Texas.

PMC does not dispute that Guiyang Hisense is a Chinese corporation with its principal place of business located in Guiyang, Guizhou Province.  Ex. 2, ¶¶6-7; Amended Complaint, ¶8 ("On information and belief, Defendant Guiyang Hisense Electric Company, Ltd., ("Guiyang Hisense") is a corporation organized under the laws of China with its principal place of business at No. 39, Honghe Road, Economic Technology Development Zone, Guiyang, Guizhou 550006.").

Like Hisense Co., Guiyang Hisense does not have minimum contacts with either the United States or the State of Texas.  Guiyang Hisense is not registered to do business in nor has it ever paid taxes in the U.S.  *Id.* at ¶¶8, 11.  It has no real property, manufacturing facilities, or corporate office space in the United States.  Ex. 2, ¶¶9-10.  Guiyang Hisense does not have a U.S. mailing addresses or telephone number.  *Id.* at ¶9.  Moreover, it is not registered to do business, does not have any operations, and does not have any employees in Texas.  *Id.* at ¶¶13-14.  Because Guiyang Hisense's place of incorporation and principal place of business is in China and it has no corporate contacts with the U.S. or Texas, this Court cannot exercise general jurisdiction over Guiyang Hisense.  *See, e.g.*, *Patterson,* 826 F.3d at 234 (5th Cir. 2016).

## 2.  No Specific Jurisdiction Over Guiyang Hisense

Further, PMC has not carried its burden to prove that its patent infringement claims arise from or relate to any of Guiyang Hisense's activities or that Guiyang Hisense purposefully directs its activities at this forum's residents.  Accordingly, specific jurisdiction over Guiyang Hisense is improper.

### (a)  Guiyang Hisense Directs No Activities Toward the District

Instead of identifying specific contacts that Guiyang Hisense allegedly has with this

district, upon which the Court could rely to find specific jurisdiction over Guiyang Hisense,

PMC puts forward only vague allegations that jurisdiction is proper over Guiyang Hisense.

More specifically, PMC identifies all of the defendants as a group and claims that they "do

business in Texas, including regularly doing or soliciting business and engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in Texas and in this judicial district… ."  Amended Complaint at ¶12.

PMC further alleges, on information and belief only, that jurisdiction is proper over Guiyang

Hisense based on patent infringement purportedly conducted in the State of Texas by all of the

named defendants as a group, but fails to offer facts to support these allegations.  *Id.* ("[T]he

Hisense Defendants have committed and continue to commit acts of patent infringement in the

State of Texas….").  Such vague and conclusory allegations devoid of any factual underpinning

are insufficient to make a *prima faci*e showing of specific jurisdiction over Guiyang Hisense,

particularly given the lack of individualized allegations related to Guiyang Hisense.  *Panda*

*Brandywine Corp.*, 253 F.3d at 868–69.

　　　PMC has not presented evidence that Guiyang Hisense engaged in activities that were

purposefully directed at Texas with respect to the products accused of patent infringement in this

case.  Instead, PMC offers the vague allegation that all of the defendants as a group are

committing acts of patent infringement in Texas, but PMC's allegation is false.  *See* Amended

Complaint at ¶12.  Guiyang Hisense does not manufacture or market in the United States any of

the products accused of infringing PMC's patents asserted in this case, nor does it sell in the

United States, or import into the United States such products.  Ex. 2, ¶15.  Additionally, like

Hisense Co., Guiyang Hisense does not maintain any U.S. websites where Hisense branded

televisions are marketed or sold.  Ex. 2, ¶12; *see Trintec Indus., Inc.,* 395 F.3d at 1281.  PMC

also cannot point to any facts showing that that Guiyang Hisense purposefully directs activities at residents in Texas.  Thus, PMC has not carried its burden to show Guiyang Hisense is subject to specific jurisdiction in this case.

As it did for Hisense Co., PMC groups together Guiyang Hisense and the other named defendants in its Amended Complaint as the "Hisense Defendants" in an attempt to manufacture Guiyang Hisense's contacts with the forum.  Amended Complaint at ¶10.  However, jurisdiction cannot be established by simply "considering the defending parties together and aggregating their forum contacts." *Rush*, 444 U.S. at 331 (internal quotations omitted).  Guiyang Hisense is not subject to personal jurisdiction in this case just because another named defendant, Qingdao Hisense, has consented to personal jurisdiction.  Qingdao Hisense and Guiyang Hisense are distinct corporations.  Ex. 2, ¶17.  They are separate corporate identities with different company registrations in China.  Ex. 2, ¶¶16-17.  Qingdao Hisense and Guiyang Hisense operate as independent companies that, for example, maintain distinct bank accounts and file taxes separately.  *Id.* at ¶¶18-19.  Qingdao Hisense's jurisdictional contacts are therefore not attributable to Guiyang Hisense.  *Freudensprung*, 379 F.3d at 346.

Guiyang Hisense directs no activities toward Texas or this district, and PMC has failed to meet its burden to establish a *prima faci*e showing of specific jurisdiction.  Accordingly, the Court should dismiss Guiyang Hisense from this case.

### (b)   Personal Jurisdiction as to Guiyang Hisense Would Be Unreasonable and Unfair

The Court must consider whether exercising personal jurisdiction over Guiyang Hisense would offend traditional notions of fair play and substantial justice even if Guiyang Hisense had sufficient contacts with Texas, which it does not.  *Int'l Shoe Co.,* 326 U.S. at 316.

The first, second, and third factors in the Court's fundamental fairness analysis weigh

heavily against the exercise of personal jurisdiction over Guiyang Hisense.  First, Guiyang Hisense is a Chinese corporation with its principal place of business in the People's Republic of China and has no contacts with the State of Texas.  The burden on Guiyang Hisense could not be higher – defending itself in a foreign country and forum in which it has no contacts is fundamentally unfair.  Second, this State has no interest in resolving a dispute against a Chinese corporation with no relevant contacts with Texas.  Third, PMC is a non-practicing entity, and its sole purpose for naming Guiyang Hisense in this case is for financial gain.

The fourth and fifth factors are inapplicable here.  There exist no interests in efficient resolution of a controversy between Guiyang Hisense and PMC because Guiyang Hisense does not manufacture, market, or sell in the United States, or import into the United States any of the accused products.  Further, no other forums are competing to resolve the claims asserted by PMC.  On balance, these relevant fundamental fairness factors weigh against the exercise of personal jurisdiction over Guiyang Hisense.  As a consequence, exercising jurisdiction over Guiyang Hisense would be unfair and unreasonable.

## V.    CONCLUSION

Defendants Hisense Co. and Guiyang Hisense have taken no actions to purposefully direct their activities to Texas or avail themselves of the benefits of doing business in Texas.  Nothing they have done could reasonably have caused them to anticipate being hauled into court in this district or elsewhere in the State of Texas.  Accordingly, Defendants Hisense Co. and Guiyang Hisense respectfully request this Court dismiss the PMC's Amended Complaint against them, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Dated:  May 23, 2018

Respectfully submitted,

FISH & RICHARDSON P.C.


By:   */s/ Stephen A. Marshall*
      Indranil Mukerji
      MA Bar No. 644059
      mukerji@fr.com
      Stephen A. Marshall
      D.C. Bar No. 1012870
      smarshall@fr.com
      FISH & RICHARDSON P.C.
      1000 Maine Avenue, SW, Suite 1000
      Washington, D.C. 20024
      Telephone:  (202) 783-5070
      Facsimile:   (202) 783-2331

**COUNSEL FOR DEFENDANTS HISENSE CO.,
LTD. AND GUIYANG HISENSE ELECTRONICS
CO., LTD.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 23, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ Stephen A. Marshall*
Stephen A. Marshall